UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25309-CV-MARTINEZ
MAGISTRATE JUDGE REID

LUIS TORRES,

    Petitioner,

v.

MARK S. INCH,[1]

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon an Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging the judgment entered in case no. F13028919A entered in the State Circuit Court in and for Miami-Dade County, Florida. [ECF No. 10]. This matter has been referred to the Undersigned for consideration and report pursuant to S.D. Fla. Admin. Order 2019-02. [ECF No. 7]. For the reasons detailed below, the Petition should be denied.

### II. Claims

Construing the arguments liberally, as afforded to *pro se* litigants pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner's claims are as follows:

> 1. Counsel was ineffective for failing to have Juror Accius, who lacked a sufficient understanding of the English language, stricken from the jury panel;
>
> 2. The trial court erred by failing to grant a judgment of acquittal.

---

[1] Consistent with Fed. R. Civ. P. 25(d), this Report takes note that the proper Respondent in this action is Mark S. Inch, Secretary, Florida Department of Corrections. The docket reflects the identity of former Secretary Julie L. Jones.

[ECF No. 10].

### III. Pertinent Factual and Procedural Background

Petitioner was charged with battery in violation of Fla. Stat. § 784.041. [ECF No. 15-1]. Following a jury trial, the jury found Petitioner guilty. [ECF No. 15-5]. Petitioner appealed. [ECF No. 16-1]. The Florida Third District Court of Appeal ("Third DCA") affirmed the conviction and sentence. [ECF No. 16-3].

Subsequently, Petitioner filed a Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850. [ECF No. 17-1]. The State Circuit Court denied relief. [ECF No. 17-3]. Although Petitioner appealed, the Third DCA affirmed without a written opinion. [ECF No. 17-6]. The mandate issued on April 2, 2018. [ECF No. 17-7]. The instant Petition followed. [ECF No 10]. All other pertinent factual or procedural information is addressed later in this Report.

### IV. Timeliness

Stated broadly, an application for a writ of habeas corpus under 28 U.S.C. § 2254 must be filed before a 1-year time limitations period expires, and this limitation period usually runs from the date the challenged judgment became "final." *See generally* 28 U.S.C. § 2244(d). Here, Respondent does not dispute timeliness of the Petition. [ECF No. 13 at 11]. The Petition is, therefore, treated as timely.

### V. Exhaustion

Pursuant to 28 U.S.C. 2254(b)-(c), petitioners must exhaust their claims before presenting them in a federal habeas petition. When petitioners do not properly present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing 28 U.S.C. § 2254(b)-(c)).

Respondent concedes that Ground One was exhausted and argues Ground Two was not. [ECF No. 13 at 11-12, 19-20]. Thus, Respondent has waived any exhaustion defense that may have been raised as to Ground One. *See* 28 U.S.C. § 2254(b)(3). Ground Two, as Respondent correctly points out, was not properly exhausted for federal habeas review. Petitioner's failure to exhaust Ground Two shall be addressed later within this Report.

### VI. Standard of Review

Several limits exist on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The most restrictive limit is that found in § 2254(d). As amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), pursuant to § 2254(d), a federal court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' federal law if the 'state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 844 (11th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (internal brackets omitted). A state court's decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 413). Importantly, AEDPA's deferential

standard under § 2254(d) applies only whenever state court proceedings adjudicated a claim on the merits. *See Cullen*, 563 U.S. at 181.

To qualify as an adjudication on the merits, very little is required. In fact, federal courts should presume that § 2254(d)'s deference applies. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Even where there was a summary denial and no reasons for the denial of relief were articulated by the state trial court, such a ruling is also presumed to be an adjudication on the merits. *See id.* at 100; *see also Gill v. Mecusker*, 633 F. 3d 1272, 1288-89 (11th Cir. 2011) (acknowledging the well-settled principle that summary affirmances are presumed adjudicated on the merits and warrant deference).

"The presumption [in favor of a merits ruling existing] may be overcome" only "when there is reason to think some other explanation for the state court's decision is more likely." *Harrington*, 562 U.S. at 99-100 (relying upon *Ylst v. Nunnemarker*, 501 U.S. 797, 803 (1991)). Recently, in *Wilson v. Sellers*, 138 S. Ct. 1188, 1192-94 (2018), the Supreme Court held there is a "look through" presumption in federal habeas corpus law, as silence implies consent. This means federal courts should rely upon the "last related state-court decision" that provides a relevant rationale when the highest state court's adjudication on the merits of a claim is unaccompanied by an explanation. *See id.* at 1192. Put into practice, *Wilson* clarifies the reasoning that is presumptively afforded § 2254(d)'s deference.

Federal courts may also deny § 2254 petitions if the claims would fail under *de novo* review, a more favorable standard, as a habeas petitioner would surely not be entitled to a writ under § 2254(d) if their claim would fail under that standard. *See, e.g.*, *Berghuis v. Thompkins*,

4

560 U.S. 370, 390 (2010); *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014). In doing so, federal courts may decline to resolve whether § 2254(d) applies. *See Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109-10 (11th Cir. 2012).

### VII. Discussion

A. Ground One

#### *i. Generally Applicable Substantive Law*

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See id.* at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland*. *See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

The deficiency prong is met if no competent counsel would have taken the action that counsel took during the proceedings. *See Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *see also Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). Regarding the prejudice prong, it is met if, but for counsel's deficient performance, the outcome of the proceeding would have been favorable. *See Strickland*, 466 U.S. at 694. And yet,

5

the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Id.* at 687.

*ii. Analysis*

In Ground One, Petitioner contends his Counsel was ineffective for failing to have Juror Accius stricken because she allegedly lacked an adequate understanding of the English language. [ECF No. 3 at 5-9].

Petitioner raised what is presently Ground One within his Rule 3.850 Motion. [ECF No. 17-1 at 11-16]. In denying this claim, the State Circuit Court found the record refuted Petitioner's assertions regarding Juror Accius's command of the English language and, in the alternative, concluded that the claim was procedurally barred because it could have been raised on direct appeal. [ECF No. 17-3 at 3-4]. The Third DCA's silent affirmance requires the Court to "look through" and accept the State Circuit Court's reasoning as the presumptive reasoning of the Third DCA. *See Wilson*, 138 S. Ct. at 1192-94. The Third DCA's silent affirmance must also serve as a presumptive adjudication on the merits. *See Harrington*, 562 U.S. at 99-100. Viewed together, there is no dispute that the Third DCA adjudicated Petitioner's *Strickland* claim on the merits; therefore, this claim is subject to § 2254(d). *See Cullen*, 563 U.S. at 181.

Federal habeas relief may not issue simply because the district court "concludes in its independent judgment that the state-court decision applied [the law] incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002). And when determining whether the state court's resolution of a claim was reasonable, "[t]he range of reasonable judgment can depend in part on the nature of the relevant rule." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.*

Because the Third DCA concluded that Juror Accius had a constitutionally adequate command of the English language, the Court necessarily must delve deeper into the record. Ms. Accius's first exchange on the record was as follows:

> THE COURT: Good morning, ma'am.
>
> MS. ACCIUS: Good Morning.
>
> THE COURT: Okay. And never been on a jury before?
>
> MS. ACCIUS: No.
>
> THE COURT: Never been a victim of any crime?
>
> MS. ACCIUS: No.
>
> THE COURT: Never been a witness in any case?
>
> MS. ACCIUS: No.

[ECF No. 14-1 at 57-58]. Later, Ms. Accius was asked whether she could follow the law provided to her. [*Id.* at 88-89]. The following exchange transpired:

> MS. ACCIUS: Well, you say it's battery, right?
>
> MS. AGRAIT: You heard the Judge read the instruction on what battery is.
>
> MS. ACCIUS: Wel[l], me personally, okay, you are trying to prove a felony battery.
>
> Ms. AGRAIT: Okay. Well, if we can go back to the instruction, okay, the state has to prove to you two things, one, that the defendants actually and intentionally touched the victim. Okay.
>
> > That's one thing we have to prove to you.
> >
> > Okay. That he intentionally touched the victim, okay.
> >
> > And then, when he actually and intentionally touched him, then, we have to prove that he caused him great bodily harm.
> >
> > Okay. So, they don't have to intend that the victim be hurt.
>
> MS. ACCIUS: Okay. So, you are saying, it doesn't matter.

>MS. AGRAIT: Okay. Well, if you listen to each element separately.
>
>Okay. The state doesn't have to prove to you that there was an intent to cause harm, but you are going to require us to prove it?
>
>* * *
>
>MS. AGRAIT: Okay. Now, let me see. Did you understand what I just talked about, Ms. Accius?
>
>MS. ACCIUS: Yes.
>
>MS. AGRAIT: Can you follow the law?
>
>MS. ACCIUS: Okay. Well, you are telling me, okay, that he hit him.
>
>So, I'm going to what they have to prove, okay, so that's all that you have to prove, that's what you saying.
>
>Okay. So, I just need to know, if they touch him, if that's enough.
>
>MS. AGRAIT: Okay. So, now, did you understand everything that I said before?
>
>MS. ACCIUS: No.
>
>MS. AGRAIT: No. Is it because you have a little bit of a language issue?
>
>MS. ACCIUS: Yes.

[*Id.* at 89-92]. When it was time to pick jurors, both Counsel and the State accepted Juror Accius. [*Id.* at 177].

According to Respondent, Juror Accius merely struggled "with an oral recitation that called for parsing legal concepts without the benefit of additional argument or explanation." [ECF No. 13 at 3-4] (internal citations omitted). Because this claim is subject to § 2254(d)'s additional limitation, the Court must resolve whether the Third DCA's resolution of the claim contained an unreasonable determination of the facts in light of the record.

To determine whether Petitioner's *Strickland* claim is entitled to relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Woods v. Etherton*, 578 U.S. \_\_\_, 136 S. Ct. 1149, 1151 (2016) (internal quotation marks omitted). Framed

8

differently, "if some fairminded jurists could agree with the state court's decision, although others might disagree, the state court's decision [will not satisfy § 2254(d)]." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1260 (11th Cir. 2012) (internal quotation marks omitted).

As applied here, fairminded disagreement could occur. To illustrate, it is important to note two considerations likely affected the Third DCA's reasoning. First, Florida law does not have a statutory requirement setting forth the level of English proficiency necessary to qualify as a juror. *See Woodel v. State*, 985 So. 2d 524, 529 (Fla. 2008). Without Florida law appearing to have a juror disqualification for language barriers, this would have left fairminded judges to debate the minimal level of English necessary to serve as a juror in Florida's state courts.[2]

The second important consideration likely impacting the Third DCA's decision was that Juror Accius was a layperson. Thus, the Third DCA had to consider "[a]ny complicated voir dire calls upon [Juror Accius] to think and express [herself] in unfamiliar terms" should not have been viewed as an automatic disqualification but perhaps the result of someone who provided "comprehensible" responses merely reflecting "confusion" about the new subject matter. *See Fennell v. Sec'y, Fla. Dep't of Corr.*, 582 F. App'x 828, 833 (11th Cir. 2014) (citing *Patton v. Yount*, 467 U.S. 1025, 1038 n.14 (1984)).

Given those considerations, while some might disagree, Petitioner's *Strickland* claim was reasonably resolved because a fairminded judge could conclude Juror Accius showed a minimally adequate command of the English language to serve on a jury. Therefore, Petitioner cannot meet his burden at showing the Third DCA's resolution of the prejudice prong was unreasonable as

---

[2] Worth mentioning, for federal jury selection, language barriers will not disqualify a juror unless the prospective juror is "unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form" or is otherwise "unable to speak the English language." 28 U.S.C.A. § 1865(b)(2)-(3). The record does not indicate Ms. Accius's responses would have automatically disqualified her under the standards set forth for federal jury selection.

9

defined by § 2254(d). The Court need not address the performance prong. *See Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007).

B. Ground Two

In Ground Two, after a liberal construction, Petitioner argues the state trial court violated due process by not granting a motion for judgment of acquittal. [ECF No. 10 at 8-9]. Respondent, as previously mentioned, asserts this claim was not properly exhausted for federal habeas review because Petitioner failed to make his similar state law claim federal. [ECF No. 13 at 19-20].

The record confirms Petitioner never cited a federal source of law while raising this claim on direct appeal [ECF No. 16-1], leaving Ground Two unexhausted. *See e.g.*, *McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (explaining that there should be some federal source of law to alert the state court that the claim raised is federal in nature to properly exhaust). "[W]hen a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar." *Id.* at 1305.

In this case, Petitioner can no longer raise a federal version of Ground Two in state court, as claims that could have been raised on direct appeal cannot be raised during postconviction under Florida law. *See Spencer v. Sec'y, Fla. Dep't of Corr.*, 609 F.3d 1170, 1179 (11th Cir. 2010). "This procedural bar may be overcome…only if [Petitioner] demonstrates both cause for the failure to raise the claims on direct appeal and actual prejudice, or demonstrates that a failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 1179-80 (internal quotation marks omitted). Petitioner is not entitled to relief on the merits in this proceeding if he cannot make that showing. *See id.* at 1179.

Where there was "something external" that cannot "fairly be attributed" to the litigant's conduct, which impeded a litigant's efforts to comply with the procedural rule, cause exists.

*Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citing *Coleman*, 501 U.S. at 753). Petitioner has not provided an explanation as to why he did not raise a federal version of his claim on direct appeal. Therefore, he has not shown cause or prejudice to excuse the default of this claim.[3]

Under the miscarriage-of-justice exception, "actual innocence, if proved, serves as a gateway through which a [§ 2254] petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995)). Here, Petitioner does not rely on the actual innocence exception. Nor has he provided any new evidence to support that he is actually innocent. *See Schlup*, 513 U.S. at 316 (explaining "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation" will not allow a federal court to review the procedurally barred claim through this exception.).

Because none of the equitable exceptions apply, Ground Two is procedurally barred and does provide a basis for relief. *See Gilbert v. Sec'y, Fla. Dep't of Corr.*, 447 F. App'x 60, 61 (11th Cir. 2011).

## VIII. Evidentiary Hearing

In this case, the state record provides all pertinent facts, demonstrating an evidentiary hearing in federal court is not needed. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *see also* 28 U.S.C. § 2254(e)(2) (stating federal courts "shall *not* hold an evidentiary hearing" "unless the application shows" circumstances that are inapplicable to the instant Petition) (emphasis added).

---

[3] Worth mentioning, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation[.]" *Coleman*, 501 U.S. at 753, *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).

## IX. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After careful consideration of the record, this Court should not issue a COA. If Petitioner disagrees, he may raise argument to the District Judge in objections to this Report.

## X. Recommendations and Conclusions

Based upon the foregoing it is recommended that the Petition be **DENIED** [ECF No. 10]. It is further recommended that an evidentiary hearing be **DENIED**, certificate of appealability should **NOT ISSUE**, and that this case should be **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 27th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Luis Torres
431157
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE

Jeffrey Robert Geldens
Office of the Florida Attorney General
444 Brickell Avenue
Suite 650
Miami, FL 33131
305-377-5441
Fax: 305-377-5655
Email: jeffrey.geldens@myfloridalegal.com

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com